## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SHORT RECORD
No. 15-2279
Filed: 06/15/2015

**FILE NUMBER 1:14-CV-09547**

| | | |
|---|---|---|
| **ALTOM TRANSPORT, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Notice of Appeal** |
| | ) | |
| **WESTCHESTER FIRE** | ) | |
| **INSURANCE COMPANY and** | ) | |
| **MICHAEL STAMPLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

     Notice is hereby given that Altom Transport, Inc., Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Judgment in a Civil Case in favor of Defendant Westchester Fire Insurance Company and against Plaintiff, decided by Judge Sharon Johnson Coleman on a motion to dismiss, entered in this action on the 18th day of May, 2015.

               Respectfully Submitted,

               ALTOM TRANSPORT, INC.

               By:    s/ Brett L. Warning
                     One of Its Attorneys

Eric J. Emerson, Counsel of Record
Brett L. Warning
Emerson & Elder, P.C.
53 West Jackson Boulevard
Suite 526
Chicago, Illinois 60604
(312) 758-4301
eric@emersonelder.com
brett@emersonelder.com

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Brett L. Warning
Attorneys for Altom Transport, Inc.

Eric J. Emerson
Brett L. Warning
Emerson & Elder, P.C.
53 West Jackson Blvd., Suite 526
Chicago, Illinois 60604
Telephone: (312) 758-4301
eric@emersonelder.com
brett@emersonelder.com
*Attorneys for Plaintiff Altom Transport, Inc.*

**Service List:**

Edward P. Gibbons
Christopher A. Wadley
Walker Wilcox Matousek LLP
One North Franklin St., Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700
egibbons@wwmlawyers.com
cwadley@wwmlawyers.com
*Attorneys for Defendant Westchester Fire Insurance Company*

2

Andrew Szot
Miller Law LLC
115 S. LaSalle Street
Suite 2910
Chicago, Illinois 60603
Telephone:  (312) 332-3400
aszot@millerlawllc.com
*Attorney for Defendant Michael Stampley*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

### FILE NUMBER 1:14-CV-09547

| | | |
|---|---|---|
| **ALTOM TRANSPORT, INC.,** | ) | |
| | ) | |
| **Plaintiff/Appellant,** | ) | |
| | ) | |
| v. | ) | **Plaintiff/Appellant's** |
| | ) | **Docketing Statement** |
| **WESTCHESTER FIRE** | ) | |
| **INSURANCE COMPANY and** | ) | |
| **MICHAEL STAMPLEY,** | ) | |
| | ) | |
| **Defendants/Appellees.** | ) | |

Now comes Plaintiff/Appellant, Altom Transport, Inc., Plaintiff in the above-named case, and hereby submits its Docketing Statement pursuant to Federal Rule of Appellate Procedure 3 and Circuit Rules 3 and 289a) and in support of its appeal to the United States Court of Appeals for the Seventh Circuit from the Judgment in a Civil Case in favor of Defendant Westchester Fire Insurance Company ("Westchester") and against Plaintiff, decided by Judge Sharon Johnson Coleman on a motion to dismiss, entered in this action on the 18th day of May, 2015.

## 1.    Subject Matter Jurisdiction

This Court and the District Court have subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. 1332.  The jurisdictional amount at issue exceeds $75,000.

Plaintiff/Appellant is an Illinois Corporation with its principal place of business in Indiana.

Defendant/Appellee Westchester is a Pennsylvania Corporation with its principal place of business in Pennsylvania.

Defendant/Appellee Michael Stampley is a necessary party to this declaratory judgment action regarding insurance coverage and is an Illinois resident. His interests are aligned as a plaintiff along with Plaintiff/Appellant in seeking a declaration that the Westchester policy at issue provides insurance coverage for Mr. Stampley's claims in a related pending action. *See Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 788 (7th Cir. 1992).

**2.    Appellate Jurisdiction**

    a.    This Court has jurisdiction over this matter under 28 U.S.C. 1291.

    b.    Date of Entry of the Subject Being Reviewed - This appeal is of the Judgment in a Civil Case in favor of Defendant Westchester Fire Insurance Company and against Plaintiff, decided by Judge Sharon Johnson Coleman on a motion to dismiss, entered in this action on the 18th day of May, 2015.

    c.    The Filing Date of a Motion for New Trial or Alteration of the Judgment or Any Motion Claimed to Toll the Time Within Which to Appeal

        None

    d.    The Disposition of Such a Motion and Its Date of Entry

        N/A

    e.    The Filing Date of the Notice of Appeal

        June 15, 2015

    f.    If the Appeal is of a Decision of a Magistrate Judge, the Date of Each Party's Consent to Entry of Final Judgment by the Magistrate Judge

        N/A

**3.    Is the Appeal of an Order Other Than a Final Judgment Which Adjudicates All of the Claims Against All of the Parties?**

No

**4.    Prior or Related Appellate Proceedings**

None

**5.    Prior Litigation in the District Court Arising Out of a Same Criminal Conviction or Designated by the District Court as Satisfying 28 U.S.C. Section 1915(g)**

None

**6.    Any Party Appearing in an Official Status**

None

Respectfully Submitted,

ALTOM TRANSPORT, INC.

By:    /s/ Brett L. Warning
       One of Its Attorneys

Eric J. Emerson, Counsel of Record
Brett L. Warning
Emerson & Elder, P.C.
53 West Jackson Boulevard
Suite 526
Chicago, Illinois 60604
(312) 758-4301
eric@emersonelder.com
brett@emersonelder.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    /s/ Brett L. Warning
            Attorneys for Altom Transport, Inc.

Eric J. Emerson
Brett L. Warning
Emerson & Elder, P.C.
53 West Jackson Blvd., Suite 526
Chicago, Illinois 60604
Telephone:  (312) 758-4301
eric@emersonelder.com
brett@emersonelder.com
*Attorneys for Plaintiff Altom Transport, Inc.*

**Service List**:

Edward P. Gibbons
Christopher A. Wadley
Walker Wilcox Matousek LLP
One North Franklin St., Suite 3200
Chicago, Illinois 60606
Telephone:  (312) 244-6700
egibbons@wwmlawyers.com
cwadley@wwmlawyers.com
*Attorneys for Defendant Westchester Fire Insurance Company*

Andrew Szot
Miller Law LLC
115 S. LaSalle Street
Suite 2910
Chicago, Illinois 60603
Telephone:  (312) 332-3400
aszot@millerlawllc.com
*Attorney for Defendant Michael Stampley*

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Altom Transport, Inc.

Plaintiff,

v.                                           Case No.: 1:14–cv–09547

Honorable Sharon Johnson
Coleman

Westchester Fire Insurance Company, et
al.

Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, May 18, 2015:

    MINUTE entry before the Honorable Sharon Johnson Coleman: Westchester's motion to dismiss for Failure to State a Claim [12] is granted. Enter Memorandum Opinion and Order. Civil case terminated. Mailed notice(rth, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ALTOM TRANSPORT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 14-cv-9547 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| WESTCHESTER FIRE INSURANCE | ) | |
| COMPANY and MICHAEL STAMPLEY, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Defendant, Westchester Fire Insurance Company ("Westchester"), moves to dismiss

plaintiff, Altom Transport, Inc.'s ("Altom"), complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim. Westchester argues that the complaint incorporated the

insurance policy at issue, and the policy clearly does not cover Altom for the underlying lawsuit.

Thus, Westchester asserts that it had no duty to defend and Altom's complaint for coverage, breach

of the duty to defend, and attorney's fees or statutory penalty under the Illinois Insurance Code. For

the reasons stated herein, the motion is granted.

**Background**

Altom is a federally licensed interstate motor carrier and hauls liquid commodities in tanker-

trailers. Westchester is Altom's insurer. Altom purchased an ACE Express Private Company

Management Indemnity Package Insurance Policy ("policy") from Westchester effective from

August 3, 2013, to August 3, 2014.

The policy has a Directors & Officers and Company coverage part which applied to

allegations that the Company (Altom), its principals, and/or officers are liable for wrongful conduct.

1

The policy is a "claims made" policy, meaning it covers claims made during the policy period. The insuring agreement provision states:

> The Insurer [Westchester] shall pay the Loss of the Company [Altom Transport] which the Company becomes legally obligated to pay by reason of a Claim first made against the Company during the Policy Period or, if applicable, the Extended Period, and reported to the Insurer pursuant to subsection E1 herein, for any Wrongful Act taking place prior to the end of the Policy Period.

The policy contains the following relevant definitions:

> 1. Claim means:
>
> * * *
>
> (c) A civil proceeding against any Insured seeking monetary damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading;
>
> * * *
>
> 9. Wrongful Act means any actual or alleged error, omission, misleading statement, misstatement, neglect, breach of duty or act allegedly committed or attempted by:
>
> * * *
>
> (c) the Company, but only with respect to Insuring Clause 3 of this Coverage Section.

Endorsement No. 14 amends the definition of Loss:

> Loss means damages, judgments, settlements, pre-judgment or post-judgment interest awarded by a court…

Westchester's duty to defend is described in the policy as follows:

> 1. It shall be the duty of the Insurer and not the duty of the Insureds to defend any Claim. Such duty shall exist even if any of the allegations are groundless, false or fraudulent. The Insurer's duty to defend any Claim shall cease when the Limits of Liability have been exhausted by the payment of Loss including Costs, Charges and Expenses.
>
> * * *

There are two relevant exclusions that preclude coverage for certain types of claims:

> Insurer shall not be liable for Loss under this Coverage Section on account of any Claim:
>
> (m) alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

2

(i) improper payroll deductions, unpaid wages or other
compensation, misclassification of employee status, or any violation
of any law, rule or regulation, or amendments thereto, that governs
the same topic or subject;

            * * *

Insurer shall not be liable for Loss on account of any Claim:
(a) alleging, based upon, arising out of, attributable to, directly or indirectly
resulting from, in consequence of, or in any way involving the actual or
alleged breach of any contract or agreement; except and to the extent the
Company would have been liable in the absence of such contract or
agreement;
(Policy, Directors & Officers and Company Coverage Section C.1.m.(i), C.2.a, Dkt.
1-1 at 124, 125).

Defendant Michael Stampley was an independent operator truck driver for Altom. Altom

leased Stampley's driving services. Altom terminated its lease agreement with Stampley on March 24,

2014, for service related failures. On May 21, 2014, Stampley filed a lawsuit against Altom in the

United States District Court for the Northern District of Illinois, case No. 1:14-cv-03747. In his

complaint, Stampley alleges that he and other owner-operator drivers similarly situated should have

been paid additional funds and that Altom wrongfully withheld such payments. (Dkt. 1-1, Complaint

at ¶ 11). Stampley alleges three causes of action in his complaint: (1) that the lease agreement used by

Altom violated 49 C.F.R. § 376.12 by failing to include aspects of the calculation of compensation;

(2) that Altom breached its agreement with Stampley and other owner-operators by failing to pay

compensation under the agreements; and (3) that Altom purportedly wrongfully enriched itself by

not paying Stampley and other drivers 70% of the gross.

    Altom tendered the Stampley case to Westchester on May 23, 2014, requesting a defense and

indemnity. On July 14, 2014, Westchester denied coverage. Altom retained counsel and proceeded

to defend against Stampley. On October 14, 2014, Stampley submitted a "final" time-demand for

settlement to Altom in the amount of $1.9 million. The settlement demand, which was set to expire

on October 17, 2014, at 9:00 a.m., was within the Westchester policy limits. Altom tendered the

demand to Westchester and requested it reconsider its denial of coverage and settle the claim.

Westchester did not respond and Stampley withdrew the settlement demand on October 21, 2014.

Stampley increased his demand to $2.3 million on October 27, 2014, with an expiration date of

October 31, 2014. Altom advised Westchester of the increased demand and requested that

Westchester cover the settlement. Westchester did not respond.

Altom filed the instant law suit against Westchester, alleging wrongful refusal of Duty to

Defend (Count I); imposition of estoppel, meaning Westchester is estopped from asserting any

defenses to coverage for the Stampley action if the claim is deemed to fall within the policy (Count

II); and relief under the Illinois Insurance Code, 215 ILCS 5/155 (Count III).

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial

plausibility when the complaint's factual content allows the Court to draw a reasonable inference

that the defendants are liable for the misconduct alleged. *Id.* Rule 10(c) provides that "a copy of a

written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R.

Civ. P. 10(c). "A plaintiff may plead himself out of court by attaching documents to the complaint

that indicate that he or she is not entitled to judgment." *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992)

(citing *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, slip op. at 5 (7th Cir. 1992)).

**Discussion**

Westchester asserts that the documents attached to the complaint show that Altom is not

entitled to judgment in its favor. Westchester makes three arguments in support of dismissal. First,

Westchester argues that the underlying lying lawsuit filed by Stampley against Altom is not covered

by the policy because the unpaid-compensation and breach-of-contract exclusions are unambiguous

and eliminate coverage for Stampley's claims. Thus, Westchester claims it has no duty to defend

Altom against that claim and it properly denied coverage. The second argument is that Altom is not entitled to coverage by estoppel because Westchester had no duty to defend. Thirdly, Westchester contends that Altom has no claim under section 155 of the Illinois Insurance Code because Westchester has asserted a "legitimate policy defense" in the application of the policy exclusion to the claims in the underlying lawsuit.

The parties agree that Illinois law governs the coverage dispute in this case. In an insurance coverage declaratory judgment action brought in federal court in Illinois based on diversity, Illinois contract law applies. *Clarendon Nat. Ins. Co. v. Medina*, 645 F.3d 928, 933 (7th Cir. 2011)(citing *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill. 2d 11, 823 N.E.2d 561, 564, 291 Ill. Dec. 269 (Ill. 2005)). When considering an insurance policy, courts aim to give effect to the intention of the parties based on the plain language of the policy so long as doing so does not contravene public policy. *Id.*

In Illinois, a court resolves the question of whether a duty to defend exists by comparing the facts alleged in the underlying complaint to the language of the insurance policy. *State Farm Fire and Casualty v. Young*, 2012 IL App (1st) 103736, 968 N.E.2d 759, 763, 360 Ill. Dec. 266 (1st Dist. 2012). If the facts alleged in the underlying complaint fall within or potentially within the policy's coverage, the insurer's duty to defend arises. *Outboard Marine Corp. v. Liberty Mutual*, 154 Ill.2d 90, 108, 607 N.E.2d 1204, 1213, 180 Ill. Dec. 691 (1992). If it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage, there is no duty to defend. *State Farm Fire and Casualty*, 968 N.E.2d at 763. The underlying complaint must be construed liberally in favor of the insured. *U.S. Fidelity & Guaranty v. Wilkin Insulation Co.*, 144 Ill.2d 64, 74, 578 N.E.2d 926, 930, 161 Ill. Dec. 280 (1991). Courts will apply as written an exclusion provision in an insurance policy that is clear and unambiguous as long as it does not contravene public policy. *Nat'l Union Fire Ins. Co. v. R. Olson Constr. Contrs.*, 329 Ill. App. 3d 228, 233 (2d Dist. 2002).

Here, Altom attached to its complaint the policy at issue as well as the Stampley complaint in the underlying law suit. Both these documents are therefore considered part of the pleadings for this Court's evaluation of the legal sufficiency of Altom's complaint. *See* Fed. R. Civ. P. 10(c). Westchester contends that Stampley's complaint in the underlying law suit falls under the exclusions in the policy. As noted above, there are two relevant exclusions in the policy: the unpaid-compensation exclusion and the breach-of-contract exclusion.

This Court finds that the exclusions are clear and unambiguous and relieve Westchester of the duty to defend under the policy. Stampley on behalf of himself and other similarly situated owner operators filed a class complaint alleging that Altom failed "to disclose in the owner operator agreements that Altom would be compensating Plaintiff and the other members of the Class based upon an amount less than the actual gross amount applicable to the shipment, even though Plaintiff and the other members of the Class were promised to be paid 70% of gross." (Dkt. 1-1, Stampley Complaint at ¶ 26). Stampley further alleges that "Altom violated § 376.12(d) by using owner operator agreements that failed to identify or disclose that the amounts used to calculate owner operator compensation would be less than the actual gross amount charged to Altom's customer." *Id.* at ¶ 27. Stampley's third claim for relief in the underlying complaint alleges unjust enrichment by Altom based on the improper retention by Altom of compensation owed to Stampley and the purported class members. *Id.* at ¶ 35.

These allegations clearly fall within the unpaid-compensation exclusion. They are based on or arise out of "improper payroll deductions, unpaid wages or *other compensation*, misclassification of employee status, *or any violation of any law, rule or regulation*, or amendments thereto, that governs the same topic or subject". (emphasis added). (Dkt. 1-1, Policy, Directors & Officers and Company Coverage Section C.1.m.(i)). Altom argues that this exclusion applies only to claims brought against Altom by employees and therefore does not apply to Stampley and the purported class because they

were independent contractors. Altom's argument must fail however because there is no language in the policy that limits this provision to employees. As noted above, the Court will apply an exclusion in an insurance policy as it is written if it is clear and unambiguous. If this Court were to read into the exclusion a limitation to employees rather than to include any claim for unpaid compensation, it would permit Altom to refuse payment to owner operators and pass the liability for unpaid compensation onto its insurer.

Similarly, the breach of contract exclusion outlined above relieves Westchester of the duty to defend. Stampley's second claim for relief in the underlying lawsuit is for breach of contract. Stampley alleges that "[t]he failure or refusal of Altom to pay Plaintiff and the members of the Class 70% of Gross constitutes a breach of contract between Altom and Plaintiff and the members of the Class." (Dkt. 1-1, Stampley Complaint at ¶ 32). This allegation fits squarely within the exclusion because it alleges "breach of any contract or agreement". Altom argues that Stampley's claim does not involve breach of contract because the fees it allegedly omitted from its compensation calculation were for tank washes performed on equipment owned by Altom and therefore the owner-operators were not entitled to those fees. This argument however is directed at the merits of Stampley's claim not the allegation that Altom breached its contract with the owner-operators by improperly withholding compensation owed under the contracts. "Where the facts alleged, even if false or groundless, are not within or potentially within the policy's language, the insurer has no duty to defend." *Ill. State Bar Ass'n Mut. Ins. Co. v. Cavenagh*, 2012 IL App (1st) 111810, P20 (Ill. App. Ct. 1st Dist. 2012). Accordingly, this Court finds that Stampley's claim for breach of contract falls under the breach of contract exclusion in the policy and therefore Westchester has no duty to defend.

Because this Court finds, upon comparing the underlying complaint with the policy at issue, that Westchester had no duty to defend because the claims fall within the policy exclusions. Accordingly, denial of coverage was proper and Westchester will not now be estopped from

asserting policy defenses. *See Cavenagh,* 2012 IL App (1st) 111810 at P29. Additionally, Altom is not

entitled to section 155 statutory relief. Section 155 provides for "an extracontractual remedy" of

attorney fees and costs for an insurer's "unreasonable and vexatious" refusal to comply with its

policy obligations. *Cramer v. Insurance Exchange Agency,* 174 Ill. 2d 513, 523-24, 675 N.E.2d 897, 221

Ill. Dec. 473 (1996); 215 ILCS 5/155(1) (West 2008). "[W]here a bona fide dispute concerning

coverage exists, costs and sanctions [under section 155] are inappropriate." *State Farm Mutual*

*Automobile Insurance Co. v. Smith,* 197 Ill. 2d 369, 380, 757 N.E.2d 881, 259 Ill. Dec. 18 (2001). Here,

there was undoubtedly a bona fide coverage dispute, this Court having found no duty to defend.

**Conclusion**

Based on the foregoing, Westchester's motion to dismiss [12] is granted.

IT IS SO ORDERED.

Date:  May 18, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Altom Transport, Inc.,

Plaintiff(s),

v.

Westchester Fire Insurance Company and Michael
Stampley,

Defendant(s).

Case No.  14 C 9547
Judge Sharon Johnson Coleman

## <u>JUDGMENT IN A CIVIL CASE</u>

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $          ,

which ☐ includes          pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐ in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒ other: in favor of defendant, Westchester Fire Insurance Company and against plaintiff, Altom
Transport, Inc.

This action was *(check one)*:

☐ tried by a jury with Judge          presiding, and the jury has rendered a verdict.
☐ tried by Judge          without a jury and the above decision was reached.
☒ decided by Judge Sharon Johnson Coleman on a motion to dismiss.

Date:   5/18/2015

Thomas G. Bruton, Clerk of Court

/s/ Robbie Hunt , Deputy Clerk

APPEAL,KIM,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:14-cv-09547
# Internal Use Only

| | |
|---|---|
| Altom Transport, Inc. v. Westchester Fire Insurance Company et al | Date Filed: 11/28/2014 |
| | Date Terminated: 05/18/2015 |
| Assigned to: Honorable Sharon Johnson Coleman | Jury Demand: None |
| Case in other court: Circuit Court of Cook County, Illinois, 2014 CH 17566 | Nature of Suit: 110 Contract: Insurance |
| | Jurisdiction: Diversity |
| Cause: 28:1441 Petition for Removal- Insurance Contract | |

**Plaintiff**

| | | |
|---|---|---|
| **Altom Transport, Inc.** | represented by | **Eric John Emerson** |
| | | Emerson Law Group |
| | | 53 West Jackson Blvd. |
| | | Suite 526 |
| | | Chicago, IL 60604 |
| | | (312) 758-4301 |
| | | Email: eric@emersonelder.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Brett L. Warning** |
| | | Emerson & Elder, P.C. |
| | | 53 West Jackson Boulevard |
| | | Suite 526 |
| | | Chicago, IL 60604 |
| | | 773 456 4538 |
| | | Email: brett@emersonelder.com |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Westchester Fire Insurance Company** | represented by | **Christopher A Wadley** |
| | | Walker Wilcox Matousek LLP |
| | | One North Franklin Street |
| | | Suite 3200 |
| | | Chicago, IL 60606 |
| | | (312) 244-6717 |
| | | Fax: (312) 244-6800 |
| | | Email: cwadley@wwmlawyers.com |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward P. Gibbons**
Walker Wilcox Matousek LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606
312 244 6700
Email: egibbons@wwmlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Stampley**                    represented by   **Andrew Szot**
Miller Law LLC
115 S. Wacker Dr.
Suite 2910
Chicago, IL 60603
(312) 332 - 3400
Email: aszot@millerlawllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen Ellen Boychuck**
Miller Law LLC
115 S. LaSalle Street
#2910
Chicago, IL 60603
(312) 332-3400
Email: kboychuck@millerlawllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/28/2014 | 1 | NOTICE of Removal from Circuit Court of Cook County, Illinois, case number (2014 CH 17566) filed by Westchester Fire Insurance Company Filing fee $ 400, receipt number 0752-10103053. (Attachments: # 1 Appendix)(Wadley, Christopher) (Entered: 11/28/2014) |
| 11/28/2014 | 2 | CIVIL Cover Sheet (Wadley, Christopher) (Entered: 11/28/2014) |
| 11/28/2014 | 3 | ATTORNEY Appearance for Defendant Westchester Fire Insurance Company by Christopher A Wadley (Wadley, Christopher) (Entered: 11/28/2014) |
| 11/28/2014 | 4 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Westchester Fire Insurance Company (Wadley, Christopher) (Entered: 11/28/2014) |

| | | |
|---|---|---|
| 11/28/2014 | | CASE ASSIGNED to the Honorable Sharon Johnson Coleman. Designated as Magistrate Judge the Honorable Young B. Kim. (daj, ) (Entered: 12/01/2014) |
| 12/01/2014 | 5 | MOTION by Defendant Westchester Fire Insurance Company for extension of time to file answer *or otherwise plead in response to Complaint (Unopposed)* (Attachments: # 1 Certificate of Service)(Wadley, Christopher) (Entered: 12/01/2014) |
| 12/01/2014 | 6 | NOTICE of Motion by Christopher A Wadley for presentment of motion for extension of time to file answer 5 before Honorable Sharon Johnson Coleman on 12/4/2014 at 08:45 AM. (Attachments: # 1 Certificate of Service)(Wadley, Christopher) (Entered: 12/01/2014) |
| 12/01/2014 | 7 | ATTORNEY Appearance for Defendant Westchester Fire Insurance Company by Edward P. Gibbons (Attachments: # 1 Certificate of Service)(Gibbons, Edward) (Entered: 12/01/2014) |
| 12/02/2014 | 8 | MAILED Notice of Removal Letter and an attorney appearance form to Counsel of record. (mr, ) (Entered: 12/02/2014) |
| 12/02/2014 | 9 | ATTORNEY Appearance for Defendant Michael Stampley by Andrew Szot (Szot, Andrew) (Entered: 12/02/2014) |
| 12/03/2014 | 10 | MINUTE entry before the Honorable Sharon Johnson Coleman:Motion hearing set for 12/4/2014 is stricken. Defendant Westchester Fire Insurance Company's unopposed motion for extension of time to 12/19/2014 to answer or otherwise plead 5 is granted. Status hearing set for 1/9/2015 at 09:00 AM.Mailed notice (clw, ) (Entered: 12/03/2014) |
| 12/16/2014 | 11 | NOTICE by Brett L. Warning of Change of Address (Warning, Brett) (Entered: 12/16/2014) |
| 12/19/2014 | 12 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Wadley, Christopher) (Entered: 12/19/2014) |
| 12/19/2014 | 13 | MEMORANDUM by Westchester Fire Insurance Company in support of Motion to Dismiss for Failure to State a Claim 12 (Wadley, Christopher) (Entered: 12/19/2014) |
| 12/19/2014 | 14 | NOTICE of Motion by Christopher A Wadley for presentment of Motion to Dismiss for Failure to State a Claim 12 before Honorable Sharon Johnson Coleman on 1/6/2015 at 08:45 AM. (Wadley, Christopher) (Entered: 12/19/2014) |
| 01/06/2015 | 15 | ATTORNEY Appearance for Defendant Michael Stampley by Andrew Szot (Szot, Andrew) (Entered: 01/06/2015) |
| 01/06/2015 | 16 | MINUTE entry before the Honorable Sharon Johnson Coleman: Motion hearing held on 1/6/2015. On defendant Westchester's Motion to Dismiss for Failure to State a Claim 12 , response due by 1/27/2015. Reply due by 2/10/2015. Status hearing set for 1/9/2015 is stricken and reset to 4/10/2015 at 09:00 AM.Mailed notice (rth, ) (Entered: 01/06/2015) |
| 01/27/2015 | 17 | RESPONSE by Altom Transport, Inc.in Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 12 (Attachments: # 1 Exhibit A)(Warning, Brett) |

| | | (Entered: 01/27/2015) |
|---|---|---|
| 01/27/2015 | 18 | RESPONSE by Michael Stampleyin Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 12 (Szot, Andrew) (Entered: 01/27/2015) |
| 02/10/2015 | 19 | REPLY by Westchester Fire Insurance Company to response in opposition to motion 17 , response in opposition to motion 18 (Wadley, Christopher) (Entered: 02/10/2015) |
| 03/13/2015 | 20 | ATTORNEY Appearance for Defendant Michael Stampley by Kathleen Ellen Boychuck (Boychuck, Kathleen) (Entered: 03/13/2015) |
| 04/09/2015 | 21 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing set for 4/10/2015 is stricken and reset to 5/18/2015 at 09:00 AM.Mailed notice (rth, ) (Entered: 04/09/2015) |
| 05/15/2015 | 22 | MINUTE entry before the Honorable Sharon Johnson Coleman: Status hearing set to 5/18/2015 is hereby stricken. Defendant's motion to dismiss 12 is taken under advisement. Additional dates, as necessary, will be set forth in the ruling.Mailed notice (rth, ) (Entered: 05/15/2015) |
| 05/18/2015 | 23 | MINUTE entry before the Honorable Sharon Johnson Coleman: Westchester's motion to dismiss for Failure to State a Claim 12 is granted. Enter Memorandum Opinion and Order. Civil case terminated. Mailed notice (rth, ) (Entered: 05/18/2015) |
| 05/18/2015 | 24 | MEMORANDUM Opinion and Order Signed by the Honorable Sharon Johnson Coleman on 5/18/2015:Mailed notice(rth, ) (Entered: 05/18/2015) |
| 05/18/2015 | 25 | ENTERED JUDGMENT Signed on 5/18/2015:Mailed notice(rth, ) (Entered: 05/18/2015) |
| 06/15/2015 | 26 | PAYMENT by Altom Transport, Inc. of Filing fee $ 505, receipt number 0752-10757805. (Warning, Brett) (Entered: 06/15/2015) |
| 06/15/2015 | 27 | NOTICE of appeal by Altom Transport, Inc. regarding orders 24 , 25 (Warning, Brett) (Entered: 06/15/2015) |
| 06/15/2015 | 28 | DOCKETING Statement by Altom Transport, Inc. regarding notice of appeal 27 (Warning, Brett) (Entered: 06/15/2015) |
| 06/15/2015 | 29 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 27 . (ea, ) (Entered: 06/15/2015) |